### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF FLORIDA

IN RE: DENTURE CREAM             Case No. : 1:09-02051-MD-CMA
PRODUCTS LIABILITY LITIGATION     MDL No. : 2051

This document relates to:                  Hon. Cecilia M. Altonaga
No. CIV 09-327-FHS.  09-22915-CV-CMA

### FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, LEROY S. MCCOY, by and through his undersigned counsel, bring this action and alleges as follows against the defendants, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., BLOCK DRUG COMPANY, INC., THE PROCTER AND GAMBLE CO., THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C, formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., and THE PROCTER & GAMBLE MANUFACTURING CO., herein collectively referred to as "defendants," and alleges:

### INTRODUCTION

1. This is a civil action brought on behalf of Plaintiff, as well as a class of similarly situated individuals seeking damages and other relief as a result of Plaintiff's use, ingestion and/or absorption of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product used by Plaintiff.

1

## GENERAL ALLEGATIONS

2.  Plaintiff, LEROY S. MCCOY, is an individual who is a citizen of the State of Oklahoma, specifically residing and domiciled in Holdenville, Oklahoma for a significant period of time during which Plaintiff, LEROY S. MCCOY, purchased and used defendants' denture adhesive products, primarily PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other type of PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product.

## JURISDICTION

3.  Jurisdiction is based on 28 U.S.C. section 1332 given that Plaintiff, LEROY S. MCCOY, is a resident, domicillary and citizen of the State of Oklahoma pursuant to 28 U.S.C. section 1332.

4.  Upon information and belief, defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, is a Pennsylvania Corporation, incorporated in the State of Pennsylvania, whose principal places of business are in Philadelphia, Pennsylvania, as well as Research Triangle Park, in Raleigh-Durham, North Carolina, thereby, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE is a citizen of the State of Pennsylvania and citizen of the State of North Carolina.

5.  Upon information and belief, defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., is a Delaware Limited Partnership, also registered as a Pennsylvania Limited Partnership, whose sole general partner is SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.L.C., wherein, SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.L.C. is registered in the State of

2

Pennsylvania, and moreover, whose principal place of business is at 200 North 16th Street, Philadelphia, Pennsylvania 19102. Thereby, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P. is a citizen of the State of Pennsylvania.

6. Defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., upon information and belief, is a Pennsylvania Limited Liability Company, which has its principal place of business at 200 North 16th Street, Philadelphia, Pennsylvania 19102. Upon information and belief, SMITHKLINE BEECHAM CORPORATION is the sole member of GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C. Upon information and belief, defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, is a Pennsylvania Corporation, incorporated in the State of Pennsylvania, whose principal places of business are in Philadelphia, Pennsylvania, as well as Research Triangle Park, in Raleigh-Durham, North Carolina, thereby, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE is a citizen of the State of Pennsylvania and citizen of the State of North Carolina. Thereby, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C. is a citizen of the State of Pennsylvania and citizen of the State of North Carolina.

7. Defendant, BLOCK DRUG COMPANY, INC., is incorporated in the State of New Jersey with its principal place of business at 257 Cornelison Avenue, Jersey City, New Jersey 07302, and thereby, is a citizen of the State of New Jersey.

8. Defendant, PROCTER & GAMBLE CO., upon information and belief, is incorporated in the state of Ohio, and whose principal place of business is in the State of Ohio, and therein, a citizen of the State of Ohio.

3

9. Defendant, THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C., formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., upon information and belief, is registered under the laws of the State of Delaware and therefore, is a citizen of the State of Delaware.   GILLETTE COMMERCIAL OPERATIONS NORTH AMERICA is the single member and sole manager of THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C. GILLETTE COMMERCIAL OPERATIONS NORTH AMERICA's principal place of business is in the State of Ohio, and whose general partners are THE GILLETTE COMPANY and GILLETTE HOLDING, INC. THE GILLETTE COMPANY and GILLETTE HOLDING, INC., upon information and belief, are incorporated under the laws of the State of Delaware, and therefore, are citizens of the State of Delaware, and moreover, whose principal places of businesses are in the State of Massachusetts, and therein, THE GILLETTE COMPANY and GILLETTE HOLDING, INC. are citizens of the State of Massachusetts. Thereby, THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C, whose single member and sole manager, GILLETTE COMMERCIAL OPERATIONS NORTH AMERICA, is a citizen of the State of Ohio.

10. Defendant, THE PROCTER & GAMBLE MANUFACTURING CO., upon information and belief, is incorporated in the State of Ohio, and whose principal place of business is in the State of Ohio, and therein, is a citizen of the State of Ohio.

11. Defendant, THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C. is a wholly owned subsidiary of PROCTER & GAMBLE CO.  PROCTER & GAMBLE CO., upon information and belief, is incorporated in the state of Ohio, and whose principal place of business is in the State of Ohio, and therein, a citizen of the State of Ohio.

4

12. Thereby, this court has proper jurisdiction under 28 U.S.C. section 1332, wherein, said parties in controversy are citizens of diverse states, and the amount in controversy exceeds $75,000.00.

13. Jurisdiction is proper pursuant to Rule 23 of the Federal Rules of Civil Procedure, and Class Action Fairness Act.

14. Jurisdiction is proper pursuant to 28 U.S.C. section 1367 of the Federal Rules of Civil Procedure.

15. Jurisdiction is proper pursuant to the Federal Trade Commission Act under Title 15 U.S.C. sections 1451 to 1461 of the Fair Packaging and Labeling Program.

16. Jurisdiction is proper pursuant to the Federal Trade Commission Act under Title 15 U.S.C. sections 2301 to 2312 of the Magnuson Moss Warranty-Federal Trade Commission Improvements Act.

## VENUE

17. Venue is proper under 28 U.S.C. 1391 (b)(2) in that a substantial part of the events or omissions on which the claim is based occurred within this judicial district.

## DEFENDANTS

18. Upon information and belief, defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, is a Pennsylvania Corporation, incorporated in the State of Pennsylvania, whose principal places of business are in Philadelphia, Pennsylvania, as well as Research Triangle Park, in Raleigh-Durham, North Carolina, thereby,

SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE is a citizen of the State of Pennsylvania and citizen of the State of North Carolina.

19. At all times material hereto, the defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product.

20. Upon information and belief, at all relevant times, the defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE was presenting and doing business in the State of Oklahoma and Eastern District of Oklahoma in particular.

21. At all relevant times, the defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE transacted, solicited, and conducted business in the State of Oklahoma, particularly the Eastern District of Oklahoma and derived substantial revenue from such business.

22. At all relevant times, the defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE expected or should have expected that its acts would have consequences within the United States of America, State of  Oklahoma, and Eastern District of Oklahoma in particular.

23. Defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., upon information and belief, is a Pennsylvania Limited Liability Company, which has its principal place of business at 200 North 16th Street, Philadelphia, Pennsylvania 19102.

6

24. Upon information and believe, the defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., is a wholly owned subsidiary of the defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE.

25. At all times material hereto, the defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product.

26. Upon information and belief, at all relevant times, the defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C. was presenting and doing business in the State of Oklahoma and Eastern District of Oklahoma in particular.

27. At all relevant times, the defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C. transacted, solicited, and conducted business in the State of Oklahoma, particularly the Eastern District of Oklahoma and derived substantial revenue from such business.

28. At all relevant times, the defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C. expected or should have expected that its acts would have consequences within the United States of American, the State of Oklahoma, and Eastern District of Oklahoma in particular.

29. Upon information and belief, defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., is a Delaware Limited Partnership, also registered as a Pennsylvania Limited Partnership, whose sole general partner is SMITHKLINE

7

BEECHAM CONSUMER HEALTHCARE, L.L.C., wherein, SMITHKLINE BEECHAM CONSUMER HEALTHCARE, L.L.C. is registered in the State of Pennsylvania, and moreover, whose principal place of business is at 200 North 16th Street, Philadelphia, Pennsylvania 19102.

30. At all times material hereto, the defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P. was engaged in the business of designing, developing, manufacturing, testing, packing, promoting, marketing, distributing, labeling, and/or selling PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product.

31. Upon information and belief, at all relevant times, the defendant, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P. was present and doing business in the State of Oklahoma and Eastern District of Oklahoma in particular.

32. At all relevant times, the defendant, GLAXOSMITHKLINE CONSUMER HEALTHCSARE, L.P. transacted, solicited, and conducted business in the State of Oklahoma and derived substantial revenue from such business.

33. At all relevant times, the defendant GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P. expected or should have expected that its acts would have consequences within the United States of America, and the State of Oklahoma.

34. Defendant, BLOCK DRUG COMPANY, INC., is incorporated in the State of New Jersey with its principal place of business at 257 Cornelison Avenue, Jersey City, New Jersey 07302, and thereby, is a citizen of the State of New Jersey.

8

35. Upon information and belief, the defendant, BLOCK DRUG COMPANY INC. is a wholly owned subsidiary of the defendant, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE.

36. At all times pertinent hereto, the defendant, BLOCK DRUG COMPANY INC. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product.

37. Upon information and belief, at all relevant times, the defendant, BLOCK DRUG COMPANY INC. was present and doing business in the State of Oklahoma.

38. At all relevant times, the defendant, BLOCK DRUG COMPANY INC. transacted, solicited, and conducted business in the State of Oklahoma and Eastern District of Oklahoma, deriving substantial revenue from such business.

39. At all relevant times, the defendant, BLOCK DRUG COMPANY INC. expected or should have expected that its acts would have consequences within the United States of America, and the State of Oklahoma, particularly the Eastern District of Oklahoma.

40. Defendants SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P. and BLOCK DRUG COMPANY, INC. developed, designed, formulated, manufactured, tested, packaged, labeled, advertised, marketed, distributed and have sold PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product.

41. Furthermore, despite defendants SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., GLAXOSMITHKLINE CONSUMER HEALTH, L.P., and BLOCK DRUG COMPANY, INC.'s purported business associations and corporate structures, Plaintiff is informed and believes and thereon alleges that defendants GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., and BLOCK DRUG COMPANY, INC. are and were, at all relevant times, actually the "alter egos" of defendant SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE such that the acts, omissions, and/or transgressions of defendants GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., and/or BLOCK DRUG COMPANY, INC. were the acts, omissions, and/or transgressions of defendant SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE because defendant SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE exerted and continues to exert, and/or had and continues to have the right to exert, control, over all aspects of the development, design, formulation, manufacturing, testing, packaging, labeling, advertising, marketing, distributing and selling of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product while defendants GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., and/or BLOCK DDRUG COMPANY, INC. are and were, at all relevant times, shell entities that are undercapitalized, without a sufficient number of employees and/or staff of their own,

10

without sufficient assets of their own, and/or without proper procedures required of such purported entities.

42. Plaintiff is further informed and believes and thereon alleges that defendant BLOCK DRUG COMPANY, INC. is and was, at all relevant times, actually the "alter ego" of defendants GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C. d/b/a GLAXOSMITHKLINE such that the acts, omissions, and/or transgressions of defendant BLOCK DRUG COMPANY, INC. were the acts, omissions, and/or transgressions of defendants GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., and SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE because defendants GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C. and GLAXOSMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE exerted and continue to exert, and/or had and continue to have the right to exert, control over all aspects of the development, design, formulation, manufacturing, testing, packaging, labeling, advertising, marketing, distributing and selling of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, and defendant, BLOCK DRUG COMPANY INC. is a shell company that is, and was at all relevant times, undercapitalized, without a sufficient number of employees and/or staff of their own, without sufficient assets of their own, and/or without proper procedures required of such a purported entity.

11

43. Plaintiff is further informed and believes and thereon alleges that defendants SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, GLAXOSMITHKLINE CONSUMER HEALTHER CARE, L.P., and BLOCK DRUG COMPANY, INC. are and were, at all relevant times, the agents, employees, and/or representatives of each other and were acting in furtherance and in the course and scope of said agency, employment, and/or representation in doing the acts, omissions, and transgressions herein alleged.

44. Defendant, PROCTER & GAMBLE CO., upon information and belief, is incorporated in the state of Ohio, and whose principal place of business is in the State of Ohio.

45. At all times material hereto, the defendant, PROCTER & GAMBLE CO., was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Fixodent and/or any other type of Fixodent adhesive denture cream product.

46. Upon information and belief, at all relevant times, the defendant, PROCTER & GAMBLE CO., was present and doing business in the State of Oklahoma and in the Eastern District of Oklahoma in particular.

47. At all relevant times, the defendant, PROCTER & GAMBLE CO., transacted, solicited, and conducted business in the State of Oklahoma and derived substantial revenue from such business.

48. At all relevant times, the defendant, PROCTER & GAMBLE CO., expected or should have expected that its acts would have consequences within the United States of America, and the Eastern District of Oklahoma in particular.

12

49. The defendant, THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C., formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., is registered in the State of Delaware, which has its principal place of business at One Procter & Gamble Plaza, Cincinnati, OH 45202.

50. At all times material hereto, the defendant, THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C., formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Fixodent and/or any other type of Fixodent adhesive denture cream product.

51. Upon information and belief, at all relevant times, the defendant, THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C., formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., was present and doing business in the State of Oklahoma and in the Eastern District of Oklahoma in particular.

52. At all relevant times, the defendant, THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C., formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., transacted, solicited, and conducted business in the State of Oklahoma and derived substantial revenue from such business.

53. At all relevant times, the defendant, THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C., formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., expected or should have expected that its acts would have consequences within the United States of America, and the Eastern District of Oklahoma in particular.

54. The defendant, THE PROCTER & GAMBLE MANUFACTURING CO. is incorporated

13

in the State of Ohio, which has its principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45202.

55. At all times material hereto, the defendant, THE PROCTER & GAMBLE MANUFACUTRING CO. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Fixodent and/or any other type of Fixodent denture cream adhesive product

56. Upon information and belief, at all relevant times, the defendant, THE PROCTER & GAMBLE MANUFACTURING CO. was present and doing business in the State of Oklahoma and in the Eastern District of Oklahoma in particular.

57. At all relevant times, the defendant, THE PROCTER & GAMBLE MANUFACTURING CO. transacted, solicited, and conducted business in the State of Oklahoma and derived substantial revenue from such business.

58. At all relevant times, the defendant, THE PROCTER & GAMBLE MANUFACTURING CO. expected or should have expected that its acts would have consequences within the United States of America, and the Eastern District of Oklahoma in particular.

59. Defendants, THE PROCTER & GAMBLE CO., THE PROCTER & GAMBLE MANUFACTURING CO. and THE PROCTER & GAMBLE DISTRIBUTING, L.L.C., formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., developed, designed, formulated, manufactured, tested, packaged, labeled, advertised, marketed, distributed, and have sold Fixodent and/or any other Fixodent denture cream adhesive product.

60. Plaintiff is further informed and believes and thereon alleges that defendants, THE PROCTER & GAMBLE CO., THE PROCTER & GAMBLE MANUFACTURING CO. and THE PROCTER & GAMBLE DISTRIBUTING, L.L.C., formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., are and were, at all relevant times, the agents, employees, and/or representatives of each other and were acting in furtherance and in the course and scope of said agency, employment, and/or representation in doing the acts, omissions, and transgressions herein alleged.

61. Plaintiff, LEROY S. MCCOY, is 65 years old.  His denture adhesive products of choice were PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product available.  Plaintiff LEROY S. MCCOY has been diagnosed as having a stroke, due to a deficiency of copper in his blood stream, all attributed to excess zinc and therein, resulting in copper depletion attributable to PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, LEROY S. MCCOY used, and he now suffers from profound and permanent neurological and other injuries attributable to his PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product use, which injuries have left Plaintiff LEROY S. MCCOY unable to perform his normal, customary and daily activities, rendering him in a severe state of paralysis.  Plaintiff alleges that these injuries and disabilities  are a result of an actionable defect in the PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with

Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product used by Plaintiff LEROY S. MCCOY, and negligence on the part of defendants, each of them.

## CLASS ALLEGATIONS

62. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification on behalf of a class consisting of all individuals residing in the State of Oklahoma, as well as the United States who used PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product manufactured by SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.L.C., GALXOSMITHKLINE CONSUMER HEALTHCARE, L.P., BLOCK DRUG COMPANY, INC. during the time period of initial development of said product(s) to the date of filing of the Complaint and may suffer from a serious latent injury and therefore, require periodic medical testing.

63. Plaintiff also brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification on behalf of a class consisting of all individuals residing in the State of Oklahoma, as well as the United States who used Fixodent and/or any other type of Fixodent denture cream adhesive product manufactured by THE PROCTER & GAMBLE CO., THE PROCTER AND GAMBLE DISTRIBUTING, L.L.C, formerly known as PROCTER & GAMBLE DISTRIBUTING DELAWARE INC., and THE PROCTER & GAMBLE MANUFACTURING CO. during the time

16

period of initial development of said product(s) to the date of filing of the Complaint and may suffer from a serious latent injury and therefore, require periodic medical testing.

64. The class is so numerous that individual joinder of all members is impracticable.

65. Significant common issues of law and fact exist related to the defectiveness of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product. Common issues of defendants' knowledge and conduct in the research, manufacturing, testing, marketing, advertising and sale of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, predominate over any issues affecting only individual class members.

66. The claims of the representative Plaintiff are typical of the claims of the class. Plaintiff and class members may suffer serious adverse health consequences as a result of the use, ingestion and/or absorption of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product. Medical monitoring is necessary to detect these latent adverse health consequences. Such medical monitoring is not part of ordinary preventative health care. Plaintiff and members of the class are at risk of future serious adverse health consequences as a direct result of using PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip

denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product.

67. Plaintiff will fairly and adequately represent and protect the interests of the members of the class.

68. Plaintiff has retained competent and experienced counsel who will assist him in fairly and adequately representing and protecting the interests of the class.

69. Class certification is appropriate under Rule 23 of the Federal Rules of Civil Procedure for equitable and injunctive relief.

70. A class action is the superior method for a fair and efficient adjudication of this case.

## DISCOVERY RULE & FRAUDULENT CONCEALMENT

71. The nature of Plaintiff's injuries and their relationship to PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as, Fixodent and/or any other type of Fixodent denture cream adhesive product use were inherently undiscoverable, and consequently, the discovery rule should be applied to toll the running of the statute of limitations until Plaintiff knew, or through the exercise of reasonable care and diligence should have known, of the existence of his claims against defendants. Plaintiff did not discover, and through the exercise of reasonable care and due diligence, could not have discovered, his injuries earlier.

72. Further, Plaintiff did not have knowledge of facts that would lead a reasonable, prudent person to make inquiry to discover defendants' tortuous conduct. Under appropriate application of the "discovery rule," Plaintiff's suit was filed within the applicable

statutory limitations period.

73. Defendants affirmatively and intentionally lulled, induced, and otherwise prevented Plaintiff from discovering the existence of his various causes of action against defendants through fraudulent acts, omissions, concealments, and suppression of the dangers associated with its product and other information necessary to put Plaintiff on notice. Plaintiff, LEROY S. MCCOY, has therefore been kept in ignorance of vital information essential to the pursuit of his claims without any fault or lack of diligence on his part. Plaintiff could not reasonably have discovered the fraudulent nature of defendants' conduct. Accordingly, defendants are stopped from relying on any statute of limitations to defeat any of Plaintiff's claims.

## STRICT PRODUCTS LIABILITY

74. Plaintiff, LEROY S. MCCOY, incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

75. At all times material to this action, the defendants were responsible for designing, developing, manufacturing, PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product used by Plaintiff, LEROY C. MCCOY.

76. PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product are defective and unreasonably dangerous to consumers.

77. PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product are defective in their design or formulation in that they are not reasonably fit, suitable, or safe for their intended purpose and/or their foreseeable risks exceed the benefits associated with their design and formulation.

78. At all times material to this action, PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, were expected to reach, and did reach, consumers in the State of Oklahoma and throughout the United States, including, Plaintiff LEROY S. MCCOY herein, without substantial change in the condition in which they were sold.

79. At all times material to this action, PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, were designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by defendants in a defective and unreasonably dangerous condition at the time they were placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

    a. When placed in the stream of commerce, PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product contained unreasonably dangerous design defects and

were not reasonably safe as intended to be used, subjecting Plaintiff, LEROY S. MCCOY, to risks that exceeded the benefits of the products, including but not limited to the risks of developing severe and permanent physical injuries, including but not limited to a stroke, paralysis, and other neurological injuries, as a result of the upset to normal physiological mineral homeostasis set in motion by excess zinc absorption from metabolized zinc, in an unacceptably high number of its users;

b.  When placed in the stream of commerce, PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product were defective in design manufacture and formulation, making the use of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product more dangerous than other risks associated with the other denture adhesive products on the market;

c.  PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive products' design defects existed before they left the control of the defendants;

       d. PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product were insufficiently tested;

       e. PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product caused harmful side effects that outweighed any potential utility; and

       f. PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product were not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff LEROY S. MCCOY here, of the full nature and extent of the risks and side effects associated with their use, thereby rendering defendants liable to Plaintiff, individually and collectively for negligence, breach of express warranty, breach of implied warranty, defects in design manufacture and formulation.

80. In addition, at the time PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product left the control of the defendants, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiff LEROY S. MCCOY's injuries without impairing the reasonably anticipated or intended function of the products. These safer alternative designs were economically and technologically feasible, and would have

prevented or significantly reduced the risk of Plaintiff LEROY S. MCCOY's injuries without substantially impairing the products utility.

81. Defendants knew or should have known that the ultimate users or consumers of these products would not, and could not, inspect PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product as intended in a manner reasonably foreseeable to defendants, and in a manner that was reasonably foreseeable by defendants as involving substantial danger not readily apparent if adequate instructions regarding use and warnings of the danger were not given.

82. Plaintiff, LEROY S. MCCOY, was a foreseeable user of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product.

83. As alleged herein, as a direct and proximate result of the defendants' acts and omissions, and the unreasonably dangerous and defective characteristics of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, Plaintiff LEROY S. MCCOY suffered severe and permanent physical injuries, including but not limited to a stroke, paralysis, and other neurological injuries. Plaintiff, LEROY S. MCCOY, has endured substantial pain and suffering. He has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff, LEROY S. MCCOY, has suffered and will continue

23

to suffer physically and emotionally. Plaintiff LEROY S. MCCOY's injuries and damages are permanent and will continue into the future. The Plaintiff seeks actual and punitive damages from the defendants alleged herein.

84. Plaintiff, LEROY S. MCCOY, has and will continue to suffer losses and harms, including physical and emotional injury, which harms and losses are in excess of $75,000.00. These harms and losses were the legal and proximate result of the defects in PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, including but not limited to defendants' failure to provide adequate instructions for use and warnings of the risks of substantial harm associated with the foreseeable use of said products.

## NEGLIGENCE

85. Plaintiff, LEROY S. MCCOY, incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

86. Defendants owed a duty to Plaintiff, LEROY S. MCCOY, to use reasonable care in the development, design, manufacture, packaging, labeling, testing, marketing, advertisement, inspection, distribution, provision of warnings and instructions, and sale of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, to be used by the public and ultimate users, like Plaintiff LEROY S. MCCOY, for the purpose for which such products were intended.

87. Defendants breached said duty and are guilty of one or more of the following negligent acts and/or omissions:

    a. Failing to use due care in the development, design, formulation, manufacturing, labeling, testing, assembling, marketing, advertising, inspection, sale and/or distribution of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product and/or to utilize and/or implement reasonably safe designs for them;

    b. Failing to provide adequate and proper warnings to the public and to Plaintiff of the dangerous propensities of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product when used in a reasonable and foreseeable manner;

    c. Failing to design, formulate, manufacture and incorporate or to reformulate PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product with reasonable safeguards and protections against the type of injury and damage suffered by Plaintiff, LEROY S. MCCOY, when used in a reasonably foreseeable manner;

    d. Failing to adequately prevent, identify, mitigate, and fix defective designs and hazards associated with PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as

Fixodent and/or any other type of Fixodent denture cream adhesive product in accordance with good design practices;

e. Failing to notify and warn the public including Plaintiff, LEROY S. MCCOY, of reported incidents involving injury, etc., and the negative health effects of excess zinc, thus misrepresenting the safety of the product;

f. Failing to make timely and adequate corrections to the manufacturer, design and formulation of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product so as to prevent and/or minimize the problems suffered by PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product;

g. Failing to use due care in the testing, formulation, inspection, distribution, sale and instructions regarding the product at all times prior to Plaintiff's injuries having manifested themselves; and

h. Otherwise being careless and negligent.

88. Defendants knew or should have known from their study and testing, the understanding of the formula and its makeup, the toxicity of the products and their constituent parts, and their history, that the products were defective.

89. Defendants knew or should have known that PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product had the toxic propensities which they have presented here, and knew of different safer alternatives and adequate corrections which were available which would have avoided the incident, and Plaintiff LEROY S. MCCOY's damages and injury.

90. Defendants developed, designed, formulated, manufactured, labeled, tested, marketed, advertised, inspected, sold, distributed and otherwise placed on the market and in the stream of commerce, and/or in a manner and in a condition unreasonably dangerous to the consumer.

91. Plaintiff LEROY S. MCCOY's damages and injuries are the legal and proximate result of the negligent actions of defendants. As a result, defendants are liable to Plaintiff LEROY S. MCCOY for compensatory and general damages.

92. Plaintiff LEROY S. MCCOY has and will continue to suffer losses, including medical and loss of income, and harms, including physical and emotional injury, which harms and losses are in excess of $75,000.00. These harms and losses were the legal and proximate result of the defects in PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product including but not limited to defendants' failure to provide adequate instructions for use and warnings of the risks of substantial harms associated with the foreseeable use of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive

27

product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product.

## INTENTIONAL MISREPRESENTATION BY OMISSION

93. Defendants made material representations which as the result of omissions were false and were either known to be false when made or were asserted recklessly without knowledge of their truth. These misrepresentations involved material facts concerning the character and quality of the product(s) in question, and in light of defendants' omissions, reasonably implied to consumers that PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product was safe and would not cause injury. Specifically, defendants failed to disclose material facts regarding the dangerous propensities of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product that were known to defendants and within the knowledge of defendants. Defendants were well aware of the lack of knowledge on behalf of consumers such as Plaintiff LEROY S. MCCOY, and of the dramatic disparity between defendants' and Plaintiff's opportunity to fully appreciate and discover the dangerous character of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product. By failing to disclose the knowledge known and appreciated by defendants, defendants intended to induce Plaintiff, LEROY S. MCCOY, into purchasing and using PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any

28

other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, without worry.  Without such knowledge and the benefit and right of informed choice regarding the dangers known to defendants, Plaintiff suffered the injuries and damages complained herein.

## NEGLIGENT MISREPRESENTATION BY OMISSION

94. Defendants failed to communicate to Plaintiff, LEROY S. MCCOY, and the general public that the use, absorption and/or ingestion of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product could cause serious injuries after it became aware of such risks.  Instead, defendants represented in its marketing that PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product were safe and effective.

95. Plaintiff, LEROY S. MCCOY, brings this cause of action against defendants under the theory of negligent misrepresentation for the following reasons:

    a. Defendants individually, and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts by failing to disclose material information about PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, they made such misrepresentations when they knew or reasonably should have

known of the falsity of such misrepresentations. Specifically, defendants failed to disclose material facts regarding the dangerous propensities of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product that were known to the defendants and within the knowledge of defendants. Alternatively, defendants made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations;

b. These misrepresentations by omission were made in the course of defendants' sale of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product to the general public and Plaintiff, LEROY S. MCCOY, for the purpose of inducing continued sales and use of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product;

c. Defendants knew, or reasonably should have known, that the risk of severe physical harm existed as a result of its misrepresentations;

d. Plaintiff justifiably relied on defendants' misrepresentations; and

e. Consequently, Plaintiff used, absorbed and/or ingested PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream

adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product to Plaintiff's detriment.

96. Defendants' negligent misrepresentations were a direct and proximate cause of Plaintiff's injuries and damages complained herein.

## **EXPRESS WARRANTY**

97. Defendants are merchants and/or sellers of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product. Defendants sold PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, to consumers, including Plaintiff, for the ordinary purpose for which such product is used by consumers. Defendants made representations to Plaintiff, LEROY S. MCCOY, about the quality or characteristics of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product by affirmation of fact, promise and/or description.

98. The representations by defendants became part of the basis of the bargain between defendants and Plaintiff, LEROY S. MCCOY. PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product did not comport with the representations made by defendants in that each product was not

31

safe for the use for which it was marketed, a fact which defendants failed to disclose. This breach of warranty by defendants was a proximate cause of the injuries and damages suffered by Plaintiff, LEROY S. MCCOY.

## IMPLIED BREACH OF WARRANTY

### a)WARRANTY OF MERCHANTABILITY

99. Defendants are merchants and/or sellers of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product. Plaintiff, LEROY S. MCCY, purchased PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product from defendants and used it for the ordinary purpose for which the product is used by consumers. At the time it was purchased by Plaintiff, LEROY S. MCCOY, PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product was not fit for the ordinary purpose for which the product is used because the product was not manufactured, designed or marketed in a manner to accomplish its purpose safely. Defendants' breach of its implied warranty of merchantability was a direct and proximate cause of Plaintiff's injuries and damages complained herein.

### b)WARRANTY OF FITNESS

32

100. Defendants sold PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product to Plaintiff, LEROY S. MCCOY, with the knowledge that Plaintiff, LEROY S. MCCOY, was purchasing said product for a particular purpose. Further, defendants knew, or should have known, that Plaintiff was relying on defendants' skill or judgment to select goods fit for Plaintiff's purpose.

101. Defendants delivered goods that were unfit for Plaintiff's particular purpose, and thus breached its implied warranty of fitness.

102. Defendants' failure to select and sell a product which was reasonably safe for its intended use was a direct and proximate cause of Plaintiff's injuries and damages complained here.

## MEDICAL MONITORING

103. Plaintiff hereby restates and re-alleges each and every allegation set forth above with the same force and effects as is set forth herein and repeated at length.

104. As a direct result of defendants' actions and omissions, Plaintiff has been exposed to hazardous PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, the exposure to which may cause injury and/or premature death. This risk required frequent diagnostic medical examinations. By monitoring and testing the affected Plaintiff, LEROY S. MCCOY, it can be determined whether he is prone to personal injuries at the time of the test. Through such frequent testing, lives can be saved.

33

105. Because exposure of the PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product poses significant health risks to Plaintiff, medical monitoring is the most appropriate method by which it can be determined whether further medical treatment should be given.

106. Accordingly, defendants should be required to establish a medical monitoring program that includes, *inter alia:*

    a. establish a trust fund, in an amount to be determined, to pay for the medical monitoring of Plaintiff, LEROY S. MCCOY, as a result of him being affected by PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product, as frequently as determined to be medically necessary, as well as to pay development and/or research for other methods by which the risk of these persons affected by PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product can be reduced;

    b. notifying all other persons who may have been affected in writing, not just notices to Doctors, that his PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product exposure requires frequent medical monitoring; and

34

      c.  providing information to treating physicians to aid them in detecting the effects of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product.

107. Plaintiff has no adequate remedy at law in that monetary damages alone cannot compensate him for the risk of a personal injury and/or premature death as a result of PoliGrip, Super PoliGrip, Super PoliGrip Extra Care with Polyseal and/or any other PoliGrip denture cream adhesive product, as well as Fixodent and/or any other type of Fixodent denture cream adhesive product exposure. Without a Court-approved medical monitoring program, as described above, Plaintiff, LEROY S. MCCOY, will continue to face an unreasonable risk of death.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays judgment against defendants as follows:

1.  Special damages for LEROY S. MCCOY;

2.  General damages for LEROY S. MCCOY;

3.  Costs of suit;

4.  Prejudgment interest;

5.  Loss of consortium;

6.  Wrongful death and survival action damages; and

7.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY BY TRIAL

Plaintiff LEROY S. MCCOY, hereby demands trial by Jury.

Dated: October 3, 2009

By:_____

Michael Finerty (OK Bar No. 2099)
Attorney At Law
P. O. Box 1542
Muskogee, OK 74402-1542
Telephone: (918) 687-1155
Facsimile: (918) 687-3223
Email: finertylawoffice@sbcglobal.net
*Counsel for Plaintiff*


Daniel E. Becnel, Jr. (La. Bar No. 2926)
Becnel Law Firm, LLC
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445
Email: dbecnel@becnellaw.com
*Pro-hac Vice Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 3, 2009, and pursuant to Case Management and Scheduling Order No. 1, Section IV. A., I conventionally filed the foregoing with the Clerk of the Court, by placing same in the U.S. Mail, postage prepaid, and pursuant to CMO 1 Section V.B., electronically mailed copies to Plaintiffs' Liaison Counsel, Scott Weinstein, and Defendants' Lead and Liaison Counsel, Frank C. Woodside, III, Stephanie A. Smith, Stacey A. Martinez, and Edward W. Gereck.

_____
Daniel E. Becnel, Jr.

Frank C. Woodside, III. Esq.
**Dinsmore & Shohl LLP**
1900 Chemed Center
255 E. Fifth St.
Cincinnati, OH 45202
Tel. No. (513) 977-8266
Fax No. (513) 977-8509
Email: frank.woodside@dinslaw.com
*Defendants' Lead Counsel for The Procter
and Gamble Distributing, L.L.C., and The
Procter & Gamble Manufacturing Co.*

Stephanie A. Smith, Esq.
**Fulbright & Jaworski L.L.P.**
600 Congress Avenue, Suite 2400
Austin, TX 78701
Tel. No. (512) 474-5201
Fax No. (512) 536-4598
E-mail: sasmith@fulbright.com
*Defendants' Lead Counsel for Smithkline
Beecham Corporation d/b/a
Glaxosmithkline, Glaxosmithkline Consumer
Healthcare, L.P., Glaxosmithkline
Consumer Healthcare, L.L.C., and Block
Drug Company, Inc.*

Stacey A. Martinez, Esq.
**Fulbright & Jaworski L.L.P.**
600 Congress Avenue, Suite 2400
Austin, TX 78701
Tel. No. (512) 474-5201
Fax No. (512) 536-4598
E-mail: smartinez@fulbright.com

*Defendants' Liaison Counsel for Smithkline
Beecham Corporation d/b/a
Glaxosmithkline, Glaxosmithkline Consumer
Healthcare, L.P., Glaxosmithkline
Consumer Healthcare, L.L.C., and Block
Drug Company, Inc.*

Edward W. Gereck, Esq.
**Carlton Fields, P.A.**
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607-5780
Tel. No. (813) 229-4306
Fax No. (813) 229-4133
E-mail: egerecke@carltonfields.com
*Defendants' Liaison Counsel for Smithkline
Beecham Corporation d/b/a
Glaxosmithkline, Glaxosmithkline Consumer
Healthcare, L.P., Glaxosmithkline
Consumer Healthcare, L.L.C., and Block
Drug Company, Inc., and for Defendants
The Procter & Gamble Manufacturing
Company and The Procter & Gamble
Distributing, LLC*

Scott W. Weinstein, Esq.
**Morgan & Morgan P.A.**
One University Park Drive, Suite 600
Fort Myers, FL 33907
Tel. No. (239) 433-6880
Fax No. (239) 433-6836
Email: SWeinstein@ForThePeople.com
*Plaintiffs' MDL Liaison Counsel*