UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-2051-MD-ALTONAGA

IN RE:

**Denture Cream Products Liability Litigation**

_____/

THIS DOCUMENT RELATES TO:

SUE ANN HICKEY v.
GLAXOSMITHKLINE, et al.
Case No. 1:09-cv-21964

**UNOPPOSED MOTION TO ESTABLISH CHAFFIN LUHANA LLP SUPER POLIGRIP QUALIFIED SETTLEMENT FUND AND APPOINTING FUND ADMINISTRATOR AND TRUSTEE**

Plaintiff SUE ANN HICKEY, by and through her attorneys, Chaffin Luhana LLP, on behalf of herself and other Super Poligrip—related personal injury Plaintiffs who are represented by Chaffin Luhana LLP ("Claimants") against Defendants GlaxoSmithKline, LLC (sued as SmithKline Beecham Corp.), GlaxoSmithKline Consumer Healthcare L.P., GlaxoSmithKline Consumer Healthcare, L.L.C., and Block Drug Company, Inc., (collectively "GSK Defendants"), moves for an Order establishing a Qualified Settlement Fund and Appointment of a Fund Administrator and Trustee, and in support of this motion, states that the GSK Defendants have advised that they do not oppose this Motion and that:

1.  Claimants are individuals represented by Chaffin Luhana LLP who are seeking bodily injury damages on account of certain acts and events as more particularly described in the complaint.

1

2. The GSK Defendants are alleged to be liable for the Claimants' bodily injuries.

3. Chaffin Luhana LLP and the GSK Defendants have recently entered into a Master Settlement Agreement (the "Master Settlement Agreement") to settle Super Poligrip related claims, at a time when the exact allocation among and distribution to the Claimants cannot be finalized. Hence, in the best interest of all parties, a fund–which will be identified as the "Chaffin Luhana LLP Super Poligrip Qualified Settlement Fund" (the "Fund")—should be established to resolve or satisfy these claims, while allowing for the allocation and final disbursement of monies to be finalized.

4. Chaffin Luhana has conferred with GSK, who does not oppose this motion. Likewise, Chaffin Luhana has conferred with P&G, which has represented that it does not take any position regarding the motion. Accordingly, Plaintiff respectfully submits that this motion is unopposed.

5. The Fund shall be a Qualified Settlement Fund ("QSF") as described in Treas. Reg. Section 1.468B-1, established by order of this Court, and the Fund shall remain subject to the continuing jurisdiction of this Court.

6. This Court has jurisdiction over this matter under Treas. Reg. Section 1.468B-1(c)(1), which states in relevant part that a QSF "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

7. Given valid concerns about adding unreasonable delay or expense to the transfer of settlement monies to clients, a QSF in this matter will: (1) facilitate placement of a structured

settlement annuity without requiring the signature / participation of the GSK Defendants; (2) permit resolution of claims by private companies or government agencies that may have a reimbursement right or lien against a Claimant's settlement amount; (3) "fast track" the payment of settlement proceeds to those Claimants who determine quickly that they are not interested in any form-of-settlement options besides a lump sum award[1]; and (4) minimize expenses.

8. The GSK Defendants will make payments into the Fund in accordance with the Master Settlement Agreement but shall have no further rights or responsibilities with respect to the Fund.

9. The Garretson Firm Resolution Group, Inc. ("GFRG") shall be appointed as the "Fund Administrator" and "Trustee" (hereafter "Fund Administrator"). GFRG possesses extensive experience administering Qualified Settlement Funds. GFRG's address is as follows: 7775 Cooper Rd., Cincinnati, Ohio 45242. GFRG submits personally to the jurisdiction of this Court. Upon the dissolution of GFRG, inability or unwillingness to act, or bankruptcy, its appointment shall terminate, and Chaffin Luhana LLP will seek court approval of its nominated successor Fund Administrator.

10. Until such time that Claimants are entitled to settlement monies under the Master Settlement Agreement, no settlement monies within the Fund shall be set apart for or disbursed to any Claimant, or otherwise made available so that he or she may draw upon or otherwise control or possess said settlement monies.

---

[1] If the "form-of-settlement" component of the client-counseling model is employed early, lawyers should be able to identify these clients prior to settlement and shape the 468B motion practice to allow the 468B Administrator to transfer funds to these "fast track" clients as soon as the defendant tenders the settlement proceeds to the 468B.

11. The Fund, by and through its Administrator, shall only make payments to the Claimants and any entities asserting a lien, claim of subrogation, or other legal encumbrance according to the terms of the Master Settlement Agreement.

12. The Fund, by and through its Administrator, may purchase and assign any structured settlements created under any Release Agreements between the Fund and the claimants and/or their counsel. Any structured settlement shall be issued by a life insurance company that is rated A+ or better by A.M. Best Company.[2]

13. The claims made against the GSK Defendants are made on account of physical bodily injury and arise out of alleged liability in tort or violation of law. Claimants shall agree in writing to a discharge of the Fund and the Fund Administrator's liabilities in the making of any structured settlement payments, also known as periodic payments, by executing, along with the Fund, any necessary documents required or related to the discharge of those liabilities.

14. The settlement monies are the sole property of the Fund. No portion of such monies shall be made available to Claimants except as specifically set forth in the Master Settlement Agreement. Until such time as monies are distributed, Claimants shall not possess any rights to demand or receive any portion of the monies or the escrowed monies or to mortgage, pledge, or encumber the same in any manner. To the extent possible, the terms of this Motion and the Order establishing the Fund shall be construed so as to prevent Claimants from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund.

---

[2] Structured Settlement Payments are assigned to a qualified assignee by entering into qualified assignments of such structured settlement payments within the meaning of Section 130(c) of the Internal Revenue Code. The qualified assignee shall, respecting each person who is to receive periodic payments under a settlement agreement, purchase one or more qualified funding assets within the meaning of Section 130(d) of the Internal Revenue Code to fund any structured settlement payments assigned to the qualified assignee.

15. The Fund Administrator shall be indemnified and held harmless by Claimants from any claims made by any alleged lien holder, or other person or entity that attempts to assert a right of payment, reimbursement or garnishment against the Fund. Should the Fund Administrator be named as a party to, or threatened to be made a party, to any threatened, pending or completed action, suit, or proceeding of any kind, whether civil, administrative or arbitrative, and whether brought by or against or otherwise involving the Fund, by reason of the Fund Administrator having served in any capacity on behalf of the Fund, the Fund Administrator shall be indemnified and held harmless by Claimants against reasonable expenses, costs and fees (including attorney fees), judgments, awards, costs, amounts paid in settlement, and liabilities of all kinds incurred by the Fund Administrator in connection with or resulting from such actual or threatened action, suit or proceeding; except to the extent that it is finally determined by the Court that the Fund Administrator was grossly negligent or acted with willful misconduct in connection with the administration of the Fund.

16. The Fund shall be held in an escrow account at Citibank, N.A., a national banking association doing business and headquartered in New York, New York, (the "Bank"), according to the above terms and conditions, and said financial institution shall administer and invest the Fund in accordance with an escrow agreement. Notwithstanding the foregoing, the Fund Administrator shall not be allowed to authorize distributions of any income or principal from the Fund except pursuant to the Master Settlement Agreement and Trust Agreement.

17. The Fund Administrator shall be authorized to distribute all attorney fees and litigation expenses to counsel for Claimants, consistent with existing contingency fee contracts.

18. All taxes on the income of the Fund and expenses and costs incurred in connection with the taxation of the Fund (including, without limitation, the expenses of tax attorneys and accountants) shall be paid out of the Fund, shall be considered to be a cost of administration of the settlement, and shall be paid by the Fund Administrator.

19. Upon request, the Fund Administrator will prepare and deliver Fund Statements ("Statements") to Chaffin Luhana LLP and/or this Court. The Statements shall include, without limitation, a statement of receipts, investment earnings, and disbursements. The Fund Administrator shall provide the Statement no later than 10 business days following the request.

20. The Fund Administrator shall have the right to rely upon any affidavit, certificate, letter, notice, electronic mail or other document believed by the Fund Administrator to be genuine and sufficient, and upon any other evidence believed by the Fund Administrator, in his reasonable judgment, to be genuine and sufficient, which may be provided to the Fund Administrator by Chaffin Luhana LLP.

21. Upon final distribution of all monies paid into the Fund, the Fund Administrator shall take appropriate steps to wind-down the Fund and thereafter be discharged from any further responsibility with respect to the Fund.

22. The Fund Administrator will obtain a Federal Taxpayer Identification Number for the Fund upon the execution of the Order by the Court establishing the Fund.

**WHEREFORE,** Plaintiff respectfully requests that the Court (1) consent to take continuing jurisdiction over the Fund pursuant to Treasury Regulation Section 1.468B-1(c)(1) and (2) make an Order (proposed version of which is filed concurrently herewith), which approves the establishment of the QSF and appoints GFRG as Fund Administrator and Trustee.

Dated: July 27, 2010

                                              **CHAFFIN LUHANA LLP**

                                                /S/ Eric T. Chaffin
                                              Eric T. Chaffin, Esq.
                                              chaffin@chaffinluhana.com
                                              Roopal P. Luhana, Esq.
                                              luhana@chaffinluhana.com
                                              122 E. 42nd Street
                                              42nd Floor
                                              New York, New York 10168
                                              Ph. 888-480-1123
                                              Fx. 888-499-1123

8

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2010, I electronically filed *UNOPPOSED MOTION TO ESTABLISH CHAFFIN LUHANA LLP SUPER POLIGRIP QUALIFIED SETTLEMENT FUND AND APPOINTING FUND ADMINISTRATOR AND TRUSTEE* and Proposed Order with the Clerk of Court using CM/ECF. I also certify that the foregoing documents are being served this day on All Counsel of Record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY:      /s/ Alex Alvarez
ALEX ALVAREZ
Florida Bar No. 946346