UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-2051-MD-ALTONAGA

*In re*

**DENTURE CREAM PRODUCTS
LIABILITY LITIGATION**.

_____/

This Document Relates to 1:09-cv-21964-CMA

**ORDER ESTABLISHING CHAFFIN LUHANA LLP
SUPER POLIGRIP QUALIFIED SETTLEMENT FUND
AND APPOINTING FUND ADMINISTRATOR AND TRUSTEE**

**THIS CAUSE** came before the Court upon the Unopposed Motion to Establish Chaffin Luhana LLP Super Poligrip Qualified Settlement Fund and Appointing Fund Administrator and Trustee (the "Motion") [ECF No. 595] of Plaintiff, Sue Ann Hickey, on behalf of herself and other Super Poligrip-related personal injury Plaintiffs who are represented by Chaffin Luhana LLP ("Claimants") against Defendants, GlaxoSmithKline, LLC (sued as SmithKline Beecham Corp.), GlaxoSmithKline Consumer Healthcare L.P., GlaxoSmithKline Consumer Healthcare, L.L.C., and Block Drug Company, Inc., (collectively "GSK Defendants").  Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1. The Chaffin Luhana LLP Super Poligrip Qualified Settlement Fund (the "Fund") shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1 and pursuant to this Court's continuing subject matter jurisdiction under Treas. Reg. Section 1.468B-1(c)(1).  The GSK Defendants will

Case No. 09-2051-MD-ALTONAGA

make payments into the Fund in accordance with the Master Settlement Agreement but shall have no further rights or responsibilities with respect to the Fund.

2. The Garretson Firm Resolution Group, Inc. is appointed as Fund Administrator and Trustee (the "Fund Administrator") pursuant to the terms, conditions, indemnification, and restrictions of the Unopposed Motion to Establish Qualified Settlement Fund and Appoint Fund Administrator and Trustee, and said Fund Administrator is given the authority to conduct any and all activities necessary to administer the Fund as described in said Unopposed Motion, and following the terms of a Trust Agreement attached as Exhibit 1 to the Motion.

3. The Fund shall be held at Citibank, N.A., a national banking association doing business and headquartered in New York, New York, (the "Bank"), and said financial institution shall administer and invest the Fund in accordance with an escrow agreement. The Fund Administrator shall not authorize any distributions of income or principal from the Fund except pursuant to the terms of the Master Settlement Agreement and the Trust Agreement. No other person or entity is permitted to authorize or make any withdrawals from the Fund.

4. The Fund, by and through the Fund Administrator, is authorized to enter into agreements on behalf of Claimants, including any entity asserting a lien, claim of subrogation, or other legal encumbrance, which may permit periodic payments in a manner prescribed and approved by this Court, and take any actions consistent with the terms of a Trust Agreement attached as Exhibit 1 to the Motion.

Case No. 09-2051-MD-ALTONAGA

5. The Fund, by and through its Administrator, is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

6. The Fund Administrator is authorized to distribute attorneys' fees and litigation expenses to counsel, consistent with existing contingency fee contracts and including the use of settlements with periodic payments for the benefit and convenience of the Claimants.

7. The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the Fund, following the terms of the Trust Agreement, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of July, 2010.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record