**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.09-2051-MD-ALTONAGA/SIMONTON**

In re:

**DENTURE CREAM PRODUCTS**
**LIABILITY LITIGATION,**
_____/

**ORDER ON DEFENDANTS THE PROCTER & GAMBLE DISTRIBUTING**
**LLC's AND THE PROCTER & GAMBLES MANUFACTURING COMPANY'S**
**MOTION TO QUASH SUBPOENA TO CARLILE CRAIG LLP**
**AND FOR PROTECTIVE ORDER**

Presently pending before the Court is the Defendants The Procter & Gamble Distributing LLC's and The Procter & Gamble Manufacturing Company's Motion to Quash Subpoena To Carlile Craig, LLP and for Protective Order (DE # 1057). The Plaintiffs have filed an Opposition to the Motion (DE # 1078) and the Defendants have filed a Reply (DE # 1100). The Motion has been referred to the undersigned Magistrate Judge (DE # 611). A hearing was held on the Motion on May 12, 2011 wherein the undersigned announced her rulings from the bench. This Order incorporates those rulings.

Accordingly, for the reasons stated at the hearing, and based upon the arguments presented by counsel and a thorough review of the record, the Defendants' Motion to Quash and Motion for Protective Order is Denied. The mediation and settlement documents at issue created during the *Laura Day v. The Procter & Gamble Manufacturing Company and Procter & Gamble Distributing Company*, Case No. 5:07-cv-00120 (E.D. Tex.) matter ("*Day* matter") shall be produced to the Plaintiffs in accordance with this Order. However, the use and distribution of those documents shall be subject to the Confidentiality and Protective Order set forth in Case Management Order # 2 issued by this Court on August 26, 2009 (DE # 78).

I.     **BACKGROUND**

This Multi-District Litigation involves claims by numerous Plaintiffs alleging primarily neurological  injuries purportedly caused by the ingestion and/or use of denture cream products manufactured, labeled or distributed by various Defendants including The Procter & Gamble Distributing LLC's and The Procter & Gamble Manufacturing Company (collectively "Procter & Gamble").  While the claims raised by the individual Plaintiffs vary, generally, Plaintiffs assert causes of action sounding in strict products liability, negligence, intentional and negligent misrepresentation, breach of warranty and failure to warn.[1]

II.     **MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

At issue in the current Motion is whether a subpoena to produce documents issued by Plaintiffs to Carlile Craig, LLP, a Texas based law firm, should be quashed (DE # 1057-1).  The Carlile Craig firm previously represented Laura Day, a Plaintiff in an action similar to the one at bar against Defendants Procter & Gamble. By all accounts, the action between Ms. Day and Procter & Gamble was settled after mediation occurred between those parties.  That settlement yielded a Settlement Agreement and General Release which contained a confidentiality provision between Ms. Day and Procter & Gamble.

The Carlile subpoena at issue, herein, sought the following documents related to that litigation:

1.     Any and all non-privileged and non-attorney work product documents or communications maintained, received, created, or sent by Carlile Craig, LLP whether to, from, or among Defendants or any third party, or maintained internally by Carlile Craig, LLP relating to:

---

[1] There are over one-hundred Member cases in this MDL in varying procedural postures.  Case No. 09-MD-80625-CMA is currently scheduled for trial on the Court's two week trial calendar beginning on June 6, 2011 (DE # 611).

      a.      Any Deposition in Day v. Procter & Gamble Distributing LLC, Case No: 5:07-cv-00120-DF (E.D. Tex. 2007) ("Day");

      b.      The identity of any and all court reporters or transcription services used during any and all depositions in Day;

      c.      Laura Day's medical condition relayed to the P&G Defendants, or any other defendant, in Day;

      d.      Any information provided to or received from the P&G Defendants including but not limited to, pre-litigation demands made in Day.

(DE # 1057-1 at 14).[2]  Defendants have now moved to quash the subpoena issued to the Carlile firm ("Carlile subpoena") asserting that any documents relating to the settlement and mediation in the *Day* case are not discoverable.[3]  Specifically, Defendants cite to Federal Rule of Evidence 804 for support of its contention that mediation and settlement materials, as well as the confidential Settlement Agreement between the Parties are not discoverable because they are not admissible at trial and are not likely to lead to the discovery of admissible evidence as contemplated by Rule of Civil Procedure 26.

In the written Response to the Motion, Plaintiffs asserted that the information

---

[2] Procter & Gamble was represented in the *Day* action by Morgan, Lewis & Bockius, LLP ("Morgan Lewis").  Plaintiffs also issued a second subpoena to Morgan, Lewis seeking the same materials sought in the subpoena issued to Carlile (DE # 1507-1 at 15-27).  By way of agreement, Plaintiffs ultimately withdrew the subpoena issued to Morgan, Lewis in exchange for Defendants' agreement that any motion initiated by Procter & Gamble regarding subpoenas issued would be filed in the Southern District of Florida (DE # 1057-2 at 3).

[3] Defendant also objected to the subpoena to the extent that it sought the production of Ms. Day's private and/or confidential medical records.  Defendants requested that Ms. Day execute and sign a release prior to those documents being released.  However, at the hearing on the Motion to Quash, the undersigned directed the Parties to submit an agreed Order which addressed any privacy concerns under the Health Insurance Portability and Accountability Act (HIPPA), 45 C.F. R. § 164.512 (e) (1)(i).  The Parties did so, and on May 17, 2011, the undersigned entered an Order directing the release of Ms. Day's medical records (DE # 1134).  Thus, to the extent that Defendants sought to quash the Carlile subpoena, the undersigned denied the Motion, and that issue in not otherwise addressed in this Order. *Id.*

requested is relevant to prove Defendants' prior notice of the allegations raised in this litigation.  Specifically, Plaintiffs contended that the *Day* materials likely would show that by at least August 2007, Defendants knew or had reason to know that consumers were using excessive amounts of one of the denture-related products manufactured by Defendants which could lead to neurological injuries.  Thus, Plaintiffs asserted they were entitled to the subpoenaed materials pursuant to Fed.R.Civ. Pro. 26 and Fed.R.Evid. 401, 403 and 408 (a) because Plaintiffs sought to use the documents to prove notice by the Defendants rather than proving liability, which rendered the document admissible under Federal Rule of Evidence 408 (a) and Florida Statute 90.408.[4]

Also, Plaintiffs argued that the confidentiality agreement between the Parties in the *Day* matter did not prevent the discovery of the Settlement Agreement in this case. Further, Plaintiffs contended that the Case Management and Protective Orders in this case place significant limitations on the disclosure and usage of materials and thus address the confidentiality concerns raised by Defendants.  In addition, Plaintiffs have agreed to have the dollar amount of the settlement redacted (DE # 1078 at  9).

At the hearing on the Motion to Quash, Plaintiffs' Counsel clarified that he was not seeking the production of work product materials.  Rather, Counsel asserted that Plaintiffs were seeking to discover mediation documents demonstrating Proctor & Gamble's response to the medical literature that discussed the toxicity of the denture

---

[4] Florida Statute § 90.408 entitled "Compromise and offers to compromise." provides, "Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value."

product at issue.  Counsel thus asserted that such documents were relevant for establishing Defendant's knowledge of scientific literature regarding the products at that time.  Similarly, Plaintiffs' Counsel argued that the Settlement Agreement and mediation materials from the *Day* litigation would demonstrate that the Defendant was on notice of the claims being made related to the denture products.  Finally, Plaintiffs made clear that although they were not seeking production of any offers of settlement made by Procter & Gamble in the *Day* matter, that they were seeking to discover settlement demands and damage calculations made by the Plaintiff in that case on the theory that this could demonstrate Defendants' knowledge of the severity of the claims and put them on notice of the need for further investigation.

In response, at the hearing, Defendants asserted that the Settlement Agreement has no probative value because it only sets forth the terms of the settlement between the Parties, and thus would not lead to the discovery of admissible evidence related to the claim.  In addition, Defendant argued that the amount of the damages requested and/or set forth in mediation materials by the Plaintiff in the *Day* matter was not relevant because those amounts merely represented claims made by the *Day* Plaintiff and did not necessarily reflect the value of the case.  Finally, Defendant argued that Plaintiffs did not need any of the mediation materials because those materials had already been produced to the extent that they bore on the merits of their claims.

Mr. Carlile of Carlile Craig, LLP attended the hearing on the Motion to Quash and explained that the materials in his possession from the mediation held in the *Day* matter consisted of a binder that he had created, containing various mediation related documents, including a demand letter which set forth the damages and the calculations of those damages sought by Ms. Day related to the litigation. Mr. Carlile further indicated

5

that neither he nor Ms. Day objected to the production of any of the mediation materials, other than their need to comply with the confidentiality requirement of their Settlement Agreement.

Finally, the hearing also addressed the discovery request for Procter & Gamble to produce the copy of the mediation materials received by it in the *Day* matter.  In this regard, the same arguments were made by the Parties.  Plaintiffs asserted that they wanted the materials to avoid any dispute regarding whether Procter & Gamble received the materials which the Plaintiff in *Day* claimed to have produced.

III.   LAW & ANALYSIS

A.   Framework for Analysis

1.   Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure allows for a broad scope of discovery and provides, "Parties may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action ...." Fed. R. Civ. P. 26(b). It is well established that the party opposing a motion to compel discovery bears the burden of establishing that the requested discovery is improper, unreasonable or burdensome. *See, e.g., Panola Land Buyers Ass'n. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

However, although Rule 26(b) applies to discovery of non-parties as well as parties in a suit, requests for non-party production of discovery materials require courts to engage in a case-specific balancing test and weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by the requests and the particularity with which the documents are described against the burden imposed on a person ordered to produce the desired information.

6

*United Technologies Corp. v. Mazer*, 2007 WL 788877 *1 (S.D. Fla. March 14, 2007) (*citing*

*Farnsworth v. Procter & Gamble Co.*, 758 F. 2d 1545 (11th Cir. 1985)). Courts must also

consider the status of a witness as a non-party when determining the degree of burden;

the status of the person as a non-party is a factor often weighing against disclosure. *Id.*

### 2. Federal Rule of Evidence 408

In addition, Federal Rule of Evidence, 408 entitled "Compromise and Offers to

Compromise" provides,

> (a) Prohibited uses.--Evidence of the following is not
> admissible on behalf of any party, when offered to prove
> liability for, invalidity of, or amount of a claim that was
> disputed as to validity or amount, or to impeach through a
> prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish--or accepting
> or offering or promising to accept--a valuable consideration in
> compromising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations
> regarding the claim, except when offered in a criminal case
> and the negotiations related to a claim by a public office or
> agency in the exercise of regulatory, investigative, or
> enforcement authority.
>
> (b) Permitted uses.--This rule does not require exclusion if the
> evidence is offered for purposes not prohibited by
> subdivision (a). Examples of permissible purposes include
> proving a witness's bias or prejudice; negating a contention
> of undue delay; and proving an effort to obstruct a criminal
> investigation or prosecution.

Fed.R.Evid. 408.

### B. Application to Case at Bar

As stated above, in their Motion and at the hearing, Defendants contended that the

mediation and settlement materials from the *Day* matter should not be discoverable in

this action because those documents are not admissible under Federal Rule of Evident

408(a).  However, Plaintiffs countered that the documents were sought, not for purposes

7

of establishing Defendants' liability, but to demonstrate Defendants' notice of both potential claims regarding the products at issue, as well as, Defendants' knowledge of the state of scientific, medical literature regarding the toxicity of certain products.

At the hearing, the undersigned concluded that the Plaintiffs sufficiently demonstrated that the mediation documents and the Settlement Agreement could be relevant or lead to the discovery of relevant evidence.  As such, as ruled at the hearing, pursuant to Federal Rule of Civil Procedure 26, Plaintiffs are entitled to discover those materials.  Also, it bears noting that Carlile Craig, LLP, the entity subpoenaed, has no objection to producing the documents and there has been no showing of undue hardship or burdensomeness related to the production of those materials.  In fact, they are contained, in substantial part, in a single binder.

In addition, Federal Rule of Evidence 408 clearly only limits the use of such evidence at trial when it is offered to prove liability.  While the undersigned makes no determination regarding whether the mediation and settlement materials sought by Plaintiffs will be admissible at the trial of any of the MDL cases, there has been no showing that the Settlement Agreement and mediation materials are irrelevant to other issues in this case, beyond establishing Defendants' liability.

As stated in *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc*., 2007 WL 1526649, *3 (S.D. Fla. May 22, 2007), "There is nothing magical about a settlement agreement. It ultimately is just a contract between two parties....Rule 26 has no exception for settlement agreements. Therefore, the... standards that apply to any Rule 26 issue apply..."  *Id*. (*citing In re Initial Public Offering Sec. Litig*., 2004 WL 60290, at 4-5 (S.D.N.Y. Jan.12, 2004)).  The Court continued, "...admissibility issues should not drive the discovery issue. There is at least a good faith basis here to argue that the settlement agreement *may* be admissible at

8

trial. That fact entitles [plaintiff] to production of potentially relevant evidence, whether or not the document is actually admitted at trial." *Id. (*emphasis in original)*(citing See Bennet v. La Pere*, 112 F.R.D. 136, 139 (D.R.I.1986)).

Thus, as ruled at the hearing by the undersigned, Rule 408 does not bar the discovery of the mediation and settlement materials at issue.  In addition, because documents that demonstrate the Defendants' knowledge regarding claims made by consumers arising from the usage of the products at issue, are potentially relevant to the Plaintiffs' claims, those documents are discoverable.

Finally, the Defendants' argument that the settlement agreement in the *Day* matter was confidential and thus not discoverable in this action, also fails.  In *Jeld-Wen, Inc*., the Court found that although the documents sought to be discovered were subject to a confidentiality agreement in a prior litigation, because the documents were subject to a confidentiality order in the case for which they were sought, the documents were not barred from discovery. *Id.*  The undersigned concurs with the analysis in *Jeld-Wen* and concludes that the Confidentiality Agreement in the *Day* matter does not preclude discovery of the Settlement Agreement herein, particularly because there is a thorough and comprehensive Confidentiality and Protective Order in place in this case.

III.    <u>CONCLUSION</u>

Therefore, for the reasons stated above and based upon the Parties' submissions, the arguments of counsel at the hearing on the Motion, and a review of the record as a whole, and as ruled at the hearing on the Motion to Quash, it is

**ORDERED AND ADJUDGED** that The Procter & Gamble Distributing LLC's and The Procter & Gamble Manufacturing Company's Motion to Quash Subpoena To Carlile

Craig, LLP and for Protective Order (DE # 1057) is **DENIED,** to the extent Defendants seek to quash that portion of the subpoena related to the production of mediation and settlement materials, including the Settlement Agreement, from the *Laura Day v. The Procter & Gamble Manufacturing Company and Procter & Gamble Distributing Company*, Case No. 5:07-cv-00120 (E.D. Tex.) matter.  Accordingly, Carlile Craig, LLP shall produce the mediation binder and other materials used in the *Day* matter, including the Settlement Agreement, with the settlement amounts redacted, as well as any other materials received from Procter & Gamble related to the mediation, on or before the close of business on Tuesday, May 24, 2011.

In addition, as ruled at the hearing, the Procter & Gamble Defendants shall produce any non-privileged, mediation materials provided to those Defendants by the firm of Carlile Craig, LLP related to the mediation and settlement in the matter of *Laura Day v. The Procter & Gamble Manufacturing Company and Procter & Gamble Distributing Company*, Case No. 5:07-cv-00120 (E.D. Tex.) matter, with settlement amounts redacted, on or before Tuesday, May 24, 2011.

**DONE AND ORDERED** in chambers in Miami, Florida on May 20, 2011.

*Andrea M. Simonton*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:

The Honorable Cecilia Altonaga
        United States District Judge
All counsel of record