UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-2051-MD-ALTONAGA

In re:

**DENTURE CREAM PRODUCTS**
**LIABILITY LITIGATION**
                                  /

This Document Relates To All Actions

# ORDER

**THIS CAUSE** came before the Court on Defendants, The Procter & Gamble Company, The Procter & Gamble Manufacturing Company, and The Procter & Gamble Distributing LLC's (collectively, "Defendants[']" or "P&G[']s]") Amended Omnibus Motion to Strike Plaintiffs' Insufficient Expert Disclosures ("Motion") [ECF No. 1977], filed September 18, 2012. Defendants move the Court to strike Plaintiffs' case-specific expert disclosures as well as Plaintiffs' general causation rebuttal designations because they violate Federal Rule of Civil Procedure 26 and the applicable Scheduling Order. (*See* Mot. 1–2). Plaintiffs filed five Responses,[1] to which Defendants replied ("Reply") [ECF No. 2008] on October 15, 2012. The Court has carefully considered the parties' submissions and applicable law.

---

[1] The law firm Langston & Lott, P.A. filed a Response on behalf of the plaintiff in case number 10-CIV-21330 ("Langston & Lott Response") [ECF No. 1986]. The law firm Parker Waichman LLP filed a Response on behalf of the plaintiffs in case numbers 09-CIV-2267, 10-CIV-24201, 11-CIV-20673, 09-CIV-21648, 09-CIV-21885, 09-CIV-23423, 09-23600, 09-CIV-23335, 11-CIV-20621, 11-CIV-20623, 09-CIV-23336, 10-CIV-21712, 09-CIV-23227, 10-CIV-20393, 09-CIV-22161, 10-CIV-21459, 09-CIV-23042, 11-CIV-20817, 09-CIV-23334, 10-CIV-24197, 10-CIV-22819, 11-CIV-20622, 11-CIV-20819, 09-CIV-23648, 09-CIV-23337, and 11-CIV-20625 ("Parker Waichman Response") [ECF No. 1990]. The law firm Chaffin Luhana LLP filed a Response on behalf of the plaintiffs in case numbers 11-CIV-20405, 10-CIV-21175, 09-CIV-22661, 09-CIV-21964, 11-CIV-20403, 09-CIV-22660, and 11-CIV-22732 ("Chaffin Luhana Response") [ECF No. 1991]. The law firm Gianni Petoyan filed a Response on behalf of the plaintiffs in case numbers 10-CIV-20237, 10-CIV-22151, and 10-CIV-20890 ("Gianni Petoyan Response") [ECF No. 1992]. The law firm Alonso Krangle LLP filed a Response on behalf of the

## I. BACKGROUND

On April 13, 2012, the Court issued a revised Scheduling Order ("April 13 Scheduling Order") [ECF No. 1784]. Two of the pertinent deadlines in that Order were (1) a June 29, 2012 deadline for "Plaintiffs to serve Rule 26(a)(2) case-specific expert disclosures in individual cases"; and (2) an August 30, 2012 deadline for "Plaintiff's counsel [to] identify rebuttal generic experts and serve Rule 26(a)(2)(D) rebuttal generic expert reports." (*Id.* 2–3). The Court recently issued another revised Scheduling Order ("October 15 Scheduling Order") [ECF No. 2009] extending certain deadlines, including the date by which the parties must conclude expert depositions, but not extending any relevant past deadlines. (*See* October 15 Scheduling Order 1 n.2 ("All dates and deadlines in the April 13, 2012 Scheduling Order [ECF No. 1784], prior to October 30, 2012, remain the same.")).

Plaintiffs served Rule 26(a)(2)[2] case-specific expert disclosures regarding individual cases in accordance with the June 29, 2012 deadline. (*See* Plaintiffs' Rule 26 Disclosures [ECF No. 2008-2]). Those disclosures include information regarding treating physicians as well as economists, life care planners, and occupational therapists. (*See, e.g.*, Case Specific Expert

---

plaintiffs in case numbers 10-CIV-24200, 10-CIV-24199, 09-CIV-21643, 09-CIV-23228, and 09-CIV-21646 ("Alonso Krangle Response") [ECF No. 1994].

[2] Rule 26(a)(2) provides, in part:

\*   \*   \*

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain . . . .

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state . . . .

\*   \*   \*

Disclosure of Sedlacek & Wilkerson, at 2, 4 [ECF No. 1977-6]). Of the many case-specific Rule 26 disclosures, only one expert report — a damages report — was produced to Defendants pursuant to Rule 26(a)(2)(B). (*See* Rowlen June 19, 2012 Disclosures [ECF No. 1986]). Some of the expert disclosures provide the names of the treating physicians of various Plaintiffs with references to the general topics on which the doctors will testify. (*See* Mot. 3). Other expert disclosures do not specifically name any treating physician who may testify as an expert; instead, they state all of a plaintiff's treating physicians might testify as experts and direct Defendants to such plaintiff's medical records. (*See id.*). Still others "reserve" a right to provide additional case-specific disclosures at a later date regarding experts who will opine on issues other than causation. (*Id.*). On August 30, 2012, Plaintiffs designated scores of treating physicians as rebuttal experts on general causation. (*See id.* 12–13). Of the many disclosures made on August 30, 2012, Plaintiffs identified only one expert by name and provided a single Rule 26(a)(2)(C) report, but did not provide any Rule 26(a)(2)(B) reports. (*See id.* 12–13; *id.* Ex. O, at 1 [ECF No. 1975-3]; Chaffin Luhana Resp. 8–9).

From the time Plaintiffs served their case-specific expert disclosures until Defendants filed the instant Motion, the parties exchanged several letters and emails regarding deficiencies identified by Defendants with the disclosures. (*See, e.g.*, Mot. Exs. G, H, I, J, K [ECF Nos. 1978-7, 1978-8, 1978-9, 1978-10, 1978-11]; Reply Exs. E, F [ECF Nos. 2008-5, 2008-6]). Despite the many discussions held between Defendants and Plaintiffs regarding the purportedly deficient disclosures, only one plaintiff supplemented her case-specific expert disclosures by providing a more detailed Rule 26(a)(2)(C) report. (*See* Langston & Lott Resp. 2). No plaintiff provided a Rule 26(a)(2)(B) report as a result of the parties' discussions on the matter. As the tally stands now, Plaintiffs have produced a single Rule 26(a)(2)(B) report — a damages report

on behalf of one plaintiff. Defendants now move to strike Plaintiffs' case-specific and general causation rebuttal expert disclosures, contending that such disclosures violate Rule 26 and the April 13 Scheduling Order. (*See generally* Mot.).

## II. ANALYSIS

Defendants seek to strike Plaintiffs' case-specific expert disclosures as well as Plaintiffs' general causation rebuttal designations. (*See generally id.*). This remedy, "exclusion of critical evidence[,] is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-MDL-1317, 2005 WL 5955699, at *9 (S.D. Fla. Feb. 2, 2005) (quoting *Meyers v. Pennypack Woods Home Ownership Assoc.*, 559 F.2d 894, 904–05 (3rd Cir. 1977)). With this standard in mind, the Court turns to the parties' positions.

### A. The Parties' Positions

#### 1. *Defendants*

Defendants contend Plaintiffs failed to comply with the April 13 Scheduling Order and Rule 26. Specifically, Defendants assert two sets of Plaintiffs' disclosures are insufficient: (1) Plaintiffs' case-specific expert disclosures; and (2) Plaintiffs' identification of rebuttal experts regarding general causation. The first set of purportedly insufficient disclosures can be further subcategorized as (a) expert disclosures relating to causation; and (b) expert disclosures regarding matters other than causation. As to Plaintiffs' expert disclosures regarding matters other than causation, Defendants argue Plaintiffs' disclosures are insufficient because they purport to unilaterally amend the April 13 Scheduling Order by reserving a right to provide additional disclosures at a later time. (*See* Mot. 6–7; Reply 2).

Defendants argue Plaintiffs' case-specific expert disclosures relating to causation as well as Plaintiffs' identification of rebuttal generic experts are inadequate because they fail to meet the requirements of Rule 26(a)(2)(B) and (C) as well as the April 13 Scheduling Order. (*See* Mot. 5–12; Reply 2–7). In particular, Defendants assert in order for Plaintiffs' treating physicians to opine on specific or general causation, they must have submitted an expert report in compliance with Rule 26(a)(2)(B) because such opinions were not formed and are not based upon observations made during the course of treatment. (*See* Mot. 7–8). Further, Defendants argue written expert reports are required as a matter of law because the experts are purporting to testify regarding complex causation issues subject to *Daubert*.[3] (*See* Mot. 11–13; Reply 4–7).

Finally, Defendants contend Plaintiffs have not shown that their violations of Rule 26(a) are justified or harmless. (*See* Mot. 13–16; Reply 8). Defendants assert they face severe prejudice without written expert reports because they cannot properly prepare to depose such experts and will not be able to determine whether any general causation opinions pass muster under *Daubert*. (*See* Mot. 14–15). Further, Defendants assert Plaintiffs cannot show substantial justification for their insufficient disclosures because Plaintiffs have known the deadline to serve their expert disclosures for a year and are now attempting to undermine the Court's intention to rule on all *Daubert* issues regarding general causation in this MDL. (*See id.* 15).

### 2. *Plaintiffs*

Plaintiffs oppose Defendants' Motion on the basis of two substantive and several procedural reasons. First, Plaintiffs argue they complied with Rule 26 and the April 13 Scheduling Order. As to their case-specific disclosures regarding causation and identification of general causation rebuttal experts, Plaintiffs assert they fully complied with Rule 26 because they

---

[3] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

disclosed treating physicians who have not been retained. According to Plaintiffs, treating physicians who have not been retained need not provide Rule 26(a)(2)(B) reports; instead, Plaintiffs must have, and did, provide sufficient Rule 26(a)(2)(C) reports. (*See* Langston & Lott Resp. 4; Parker Waichman Resp. 6–8; Alonso Krangle Resp. 3). As to their case-specific disclosures regarding issues other than causation, Plaintiffs assert the issues are not relevant to issues the Court has suggested it will address in the MDL, and in accordance with efficiency and common sense, Plaintiffs are not required to produce expert reports at this time. (*See* July 16, 2012 Chaffin Letter [ECF No. 1978-8]).

Second, Plaintiffs assert any insufficiencies in their disclosures are substantially justified and harmless. (*See* Parker Waichman Resp. 9–12). According to Plaintiffs, the treating physicians' testimony cannot possibly surprise Defendants, as Defendants are well aware of who the potential witnesses are and to what they would testify. (*See* Chaffin Luhana Resp. 9–10; Gianni Petoyan Resp. 6). In fact, Defendants have, and have had, access to full sets of medical records. (*See* Alonso Krangle Resp. 3). Defendants have additionally had a substantial amount of time in which to depose the treating physicians, but chose instead to cancel such depositions and now "cannot close [their] eyes and ears to the evidence available to them and then claim unfair surprise." (Parker Waichman Resp. 5). Plaintiffs further insist Defendants will not be prejudiced by any insufficient disclosures because Defendants still have ample time to depose the treating physicians. (*See id.* 11). Plaintiffs insist the disclosures were timely, they identified treating physicians who were already well-known to Defendants, and the disclosures were aimed at putting Defendants on notice regarding who Plaintiffs might call to testify and about what. (*See id.*). To the extent the Court finds Plaintiffs' disclosures insufficient, Plaintiffs request an opportunity to supplement their disclosures. (*See id.* 6).

Plaintiffs additionally raise several procedural arguments. For example, Plaintiffs assert Defendants' Motion is inappropriate for an omnibus ruling. (*See* Chaffin Luhana Resp. 5). Plaintiffs also assert the specific-causation issues presented in Defendants' Motion should be addressed on a case-by-case and expert-by-expert basis in the remand courts. (*See* Parker Waichman Resp. 6; Chaffin Luhana Resp. 5, 10). Certain Plaintiffs also assert Defendants' Motion should be denied because Defendants failed to confer in accordance with Local Rule 7.1(a)(3). (*See* Chaffin Luhana Resp. 2–4).

### B. Rule 26(a)(2)(B) Written Reports Are Required

Federal Rule of Civil Procedure 26(a) sets forth requirements for disclosing expert testimony. *See* FED. R. CIV. P. 26(a)(2). Parties must identify any witnesses they "may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *Id.* 26(a)(2)(A). Rule 26 differentiates between disclosures of witnesses who provide a written report, and those who do not. *Compare id.* 26(a)(2)(B) *with id.* 26(a)(2)(C). A full written and signed report is required from an expert who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Id.* 26(a)(2)(B). In contrast, when an expert is not required to provide a written report under subsection (B), the attendant disclosure is "considerably less extensive." FED. R. CIV. P. Advisory Committee's Notes (2010 Amendments).

Although Defendants, as the moving parties, bear the initial burden of showing a valid basis for striking Plaintiffs' disclosures, Plaintiffs, as the parties seeking to avoid producing full written expert reports, bear the burden of demonstrating that Rule 26(a)(2)(B) reports are not required. *See Cinergy Commc'ns v. SBC Commc'ns*, No. 05-2401-KHV-DJW, 2006 WL 3192544, at *3 (D. Kan. Nov. 2, 2006); *Meredith v. Int'l Marine Underwriters*, No. GLR-10-

837, 2012 WL 3025139, at *5 (D. Md. July 20, 2012). In determining whether a Rule 26(a)(2)(B) report is required, the label of "treating physician" is irrelevant; instead, the determination turns on the substance of the physician's testimony. *Singletary v. Stops, Inc.*, No. 6:09-cv-1763-Orl-19KRS, 2010 WL 3517039, at *6 (M.D. Fla. Sept. 7, 2010).

When a treating physician testifies regarding opinions "formed and based upon observations made during the course of treatment," the treating physician need not produce a Rule 26(a)(2)(B) report. *Jensen v. Carnival Corp.*, No. 10-24383, 2011 U.S. Dist. LEXIS 108727, at *3 (S.D. Fla. Sept. 25, 2011) (citations omitted). By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (requiring a written report from treating physicians who give expert testimony beyond the scope of the treatment rendered and review information provided by attorneys in rendering their opinions); *Meyers v. National R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734–35 (7th Cir. 2010); *see also Meredith*, 2012 WL 3025139, at *5 ("A witness must submit a report regarding any opinions formed specifically in anticipation of litigation, or otherwise outside the normal course of a duty." (citations omitted)). A treating physician may be subject to Rule 26(a)(2)(C) as to portions of his or her testimony and may be deemed a retained or specially employed expert who is subject to Rule 26(a)(2)(B) as to other portions. *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 (D. Md. 1997).

Rule 26(a)(2)(B) requires full written reports for Plaintiffs' experts and such reports have not been provided for the case-specific experts opining on causation or the general causation rebuttal experts. Defendants have met their initial burden of showing a valid basis for striking Plaintiffs' case-specific expert disclosures as well as Plaintiffs' identification of rebuttal experts

regarding general causation. *See Cinergy Commc'ns*, 2006 WL 3192544, at *3. As to the treating physicians disclosed as experts here, Plaintiffs simply assert their designated experts are un-retained treating physicians and summarily conclude that full written reports are not required. Yet, as stated, the title "treating physician" does not carry the day for Plaintiffs; instead, Plaintiffs must show the substance of such designated experts' testimony does not require a full written report. *See Stops, Inc.*, 2010 WL 3517039, at *6. Inasmuch as Plaintiffs' treating physicians are opining on causation — either specific or general — Defendants are entitled to full Rule 26(a)(2)(B) reports because such opinions go beyond those arising from treatment. *See Goodman*, 644 F.3d at 826. Plaintiffs' case-specific and general causation rebuttal expert disclosures are indeed insufficient.[4]

As to the case-specific experts opining on issues other than causation, all parties appear to agree Plaintiffs' experts must produce Rule 26(a)(2)(B) reports. The only issue is whether they must have been produced in accordance with the July 29, 2012 deadline for "Plaintiffs to serve Rule 26(a)(2) case-specific expert disclosures in individual cases." (April 13 Scheduling Order). The April 13 Scheduling Order did not make an exception for experts addressing issues other than causation. Consequently, Plaintiffs were required to produce Rule 26(a)(2)(B) reports to Defendants.

### C. Striking Plaintiffs' Expert Disclosures is Unwarranted

Complying with Rule 26 is "'not merely an aspiration' as 'the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise.'" *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 6:07-cv-222-Orl-35KRS,

---

[4] Because Plaintiffs did not produce a single Rule 26(a)(2)(B) report in connection with their case-specific expert disclosures regarding causation or their general causation rebuttal expert disclosures, the Court resolves the Motion on an omnibus basis.

2009 WL 1043974, at *3 (M.D. Fla. Apr. 17, 2009) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008)). Where a party fails to provide information as required under Rule 26(a), Rule 37 authorizes the Court to sanction that party. *See* FED. R. CIV. P. 37(c). Under Rule 37, if a party fails to comply with Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

The party who fails to comply with Rule 26 bears the burden of showing its actions were either substantially justified or harmless. *See Weaver v. Lexington Ins. Co.*, No. 8:05-cv-1913-T-27TBM, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007). "Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact." *Harrison v. Burlage*, No. 08-80989-CIV, 2009 WL 3048687, at *3 (S.D. Fla. Sept. 18, 2009) (quoting *Chapple v. Alabama*, 174 F.R.D. 698, 701 (M.D. Ala. 1997)). Failing to comply with Rule 26 is "harmless" when "there is no prejudice to the opposing party." *In re Terazosin*, 2005 WL 5955699, at *8 (citing *Ellison v. Windt*, No. 6:99-CV-1268-ORLKRS, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001)).

While Plaintiffs fail to show their non-compliance with Rule 26 was justified, the Court is persuaded that the non-compliance is harmless. Admittedly, to date Plaintiffs have produced only a single Rule 26(a)(2)(B) report regarding an issue other than causation. However, there is currently no deadline by which experts testifying to issues other than causation must be deposed, and Defendants will be afforded an opportunity to depose such expert witnesses after receiving the reports. Accordingly, Defendants will not be prejudiced or surprised in any way by receiving reports after the Court rules on causation issues.

As to experts opining on causation, nearly two months remain to complete specific causation expert depositions, and the deadline for *Daubert* motions regarding general causation is over five months away. (*See* October 15 Scheduling Order). Additionally, Plaintiffs represent, "any deficiencies in the Rule 26 disclosures this Court identifies can easily be remedied in a short timeframe." (Chaffin Luhana Resp. 10). If Plaintiffs cure the deficiencies in their disclosures within a "short timeframe," Defendants will have sufficient time to review Plaintiffs' expert reports and depose or re-depose Plaintiffs' treating physicians as necessary in the time remaining in the October 15 Scheduling Order. Circumstances have already mitigated much of the possible prejudice resulting from expending resources to re-depose treating physicians because, despite having sought and obtained additional time to depose the treating physicians, Defendants cancelled a majority of the depositions. Because Defendants will neither be surprised nor be prejudiced, Plaintiffs' late disclosure of Rule 26(a)(2)(B) expert reports should not be remedied by the most extreme of sanctions. *See Ellison*, 2001 WL 118617, at *3 (holding the belated disclosure of an expert report was harmless because the plaintiff was given an opportunity to depose the expert before trial); *Cinergy Commc'ns*, 2006 WL 3192544, at *3 (requiring the party who did not bear its burden to show a Rule 26(a)(b)(B) report was not required to serve revised expert designations along with fully written reports).

Defendants argue they need Rule 26(a)(2)(B) expert reports for any expert opining on causation in order to properly present *Daubert* motions. The Court agrees. Plaintiffs' insistence that specific-causation issues can and should be addressed by the remand courts fails to persuade considering Plaintiffs have, on numerous occasions, represented that Plaintiffs' treating physicians will be instrumental to their proof of general causation (*see, e.g.*, Tr. of Status Conference on Sept. 6, 2012, at 13:9–14:6 [ECF No. 1965]), and Plaintiffs have identified such

11

treating physicians as rebuttal causation experts (*see* Gianni Petoyan Resp. 5). Although no timetable for specific-causation *Daubert* briefing currently exists, Plaintiffs have attempted to shoehorn such issues into the Court's consideration of general causation. As the Court has reiterated, expert testimony regarding causation must be vetted for reliability. (*See* July 31 Order [ECF No. 1918]). In order to properly present arguments regarding general causation issues in the upcoming *Daubert* briefing, Defendants must receive Rule 26(a)(2)(B) reports for any experts Plaintiffs intend to rely upon for general causation. Defendants are also entitled to receive Rule 26(a)(2)(B) reports for treating physicians opining on specific causation.

### III. CONCLUSION

For the reasons set forth above, it is

**ORDERD AND ADJUDGED** that the Motion **[ECF No. 1977]** is **GRANTED in part and DENIED in part**. The parties shall propose reasonable deadlines for Plaintiffs to provide Rule 26(a)(2)(B) reports in accordance with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of October, 2012.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record